Thomas Franklin CLEMAS, a/k/a Tom Clemas, Appellant (Defendant below),

v.

The STATE of Wyoming, Appellee (Plaintiff below).

No. 3758.

Supreme Court of Wyoming.

June 26, 1969.

———◆———

Richard J. Macy, Sundance, for appellant.

James E. Barrett, Atty. Gen., Fred C. Reed, Asst. Atty. Gen., Cheyenne, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

PER CURIAM.

Thomas Franklin Clemas, charged with breaking and entering a locked or sealed public building, Hulett School, upon his appearance in justice court on January 13, 1966, was bound over on a $5,000 cash bond to appear at the District Court of Crook County on May 9, 1966, the first day of the next term, to answer to the charge. He did not appear before the district court on that date, and in open court the $5,000 bail bond was forfeited, the court on June 1 issuing an order to show cause why judgment should not be rendered upon the forfeited bond. Clemas's attorney answered, alleging that defendant had been unable to appear because he had on the required day been incarcerated and in the custody of the United States Marshal at Sioux Falls, South Dakota, on a Federal charge. A hearing ensued at which defendant voluntarily appeared and testified concerning various matters, including his incarceration in South Dakota, and the court thereupon ordered that $3,500 of the $5,000 forfeited bond be remitted to the defendant and $1,500 thereof paid forthwith to the County of Crook. Defendant was then released by the court upon a cash bond of $3,500, which has never been forfeited, and is not in issue here. He was returned to South Dakota where he served a term in Federal custody; and almost two years later, on February 13, 1968, his counsel moved for the dismissal of the pending charge on the ground that the trial had been passed for four terms of court (under the provisions of § 7–235, W.S.1957), which motion despite resistance by the prosecution was granted by the court, and the criminal action dismissed. Defendant then moved that the $1,500 theretofore forfeited be remitted to him and when the motion was denied appealed to this court.

In the appeal the single charge of error is that the court abused its discretion in failing to remit the forfeited $1,500. Nothing is presented in brief or argument to

support the assertion that the court abused its discretion, counsel admitting the general rule to be that the confinement of an accused in a state other than that in which he is conditioned to appear is not sufficient reason for remitting a bond or recognizance but saying there is substantial authority that a defendant may be excused from liability on a cash bond under certain circumstances. This argument is far from a showing of any abuse of discretion on the part of the court. No excuse or explanation was presented by defendant or his counsel at or prior to the required time of appearance; and as reflected by the record, this occasioned an inconvenience to the court as well as to law enforcement authorities and interfered with the proper administration of justice. We find no abuse of discretion.

Affirmed.